KETTLE RIVER COMPANY, Respondent, vs. HASE and another, Appellants.

*January 15—February 10, 1920.*

*Sales: Action for purchase price of paving blocks: Area laid not evidence as to number of blocks furnished.*

1. In an action for the purchase price of pine paving blocks sold to the defendants, the evidence for plaintiff, consisting of depositions of its employees based on the plant records, is *held* sufficient to sustain a finding of the trial court as to the quantity of blocks delivered.

2. Evidence as to the number of square yards of surface laid with sandstone paving blocks as calculated by the city engineer under certain contracts which defendants had with the city was not competent to show the amount of blocks shipped by the plaintiff to the defendants, particularly in the absence of evidence of any witness having personal knowledge thereof that all the blocks received on the tracks were hauled to the respective streets upon which they were to be laid.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Modified and affirmed.*

Plaintiff brought action in the civil court of Milwaukee county against the defendant copartners, who were engaged in the street-paving business in the city of Milwaukee, to recover a balance alleged to be due on two separate contracts: one pursuant to which the plaintiff claimed to have shipped between July 10 and 15, 1914, 5,614.52 square yards of long-leaf yellow-pine paving blocks at the agreed price of $1.45 per square yard, sold f. o. b. cars at the plant of plaintiff in Illinois, upon which, after making credits for freight thereon paid by defendants and cash payments, there was a balance claimed to be due of $656.16; the other, pursuant to which plaintiff shipped between May 26 and June 17, 1914, 4,531 square yards of sandstone paving blocks. f. o. b. cars at its plant in Minnesota at the agreed price of $1.75 per square yard, upon which there was

claimed to be due, after making allowances for freight and cash paid and certain other credits, a balance of $648.

The defendants answered admitting the making of the contracts and alleging that there had been shipped on account of the contract for pine blocks but 5,127 square yards instead of the 5,614 claimed by plaintiff, and that they had fully paid for the same.

As to the sandstone block contract, they alleged having received but 4,000 square yards instead of the 4,531 claimed by plaintiff, and that they had paid in full therefor.

Defendants counterclaimed for the sum of $2,400 alleged to be due for work, labor, and services by the defendants at the special instance and request of plaintiff, and demanded judgment therefor.

The civil court, where the case was tried without a jury, made findings of fact as to the first cause of action substantially in accordance with the complaint and that there was a balance due plaintiff of $656.16, and on the second cause of action that the plaintiff had shipped and delivered the number of sandstone blocks as claimed by it, and that the defendants were entitled to an additional credit other than that allowed by the plaintiff of $126 for work done by defendants for plaintiff in making repairs on street work done with plaintiff's material at some time preceding the contracts in question, and that there was a balance due plaintiff of $522 for such sandstone blocks, and ordered judgment which was thereupon entered for $1,432.10 on both causes, with costs and disbursements.

On appeal by defendants to the circuit court from this judgment the judgment of the civil court was affirmed, and from a judgment of the circuit court entered in accordance therewith defendants have appealed.

For the appellants there was a brief by *Wheeler & Witte* of Milwaukee, and oral argument by *Lyman G. Wheeler.*

For the respondent the cause was submitted on the brief of *Timlin & Dean* of Milwaukee.

ESCHWEILER, J.   Defendants' contention in this case is
that the judgment on the two causes of action in the civil
court is without the support of competent proof as to the
quantity of either pine paving blocks or of the sandstone
blocks delivered on board cars at the respective plants of
plaintiff.

Other than the testimony of one of the defendants as
an adverse witness, the plaintiff's evidence rested entirely
upon depositions taken on its behalf of certain officers and
employees of its general office and its quarry in Minnesota,
taken there, and officers and employees connected with its
Illinois plant, taken at St. Louis.   The direct examination
of such witnesses was conducted by local counsel other than
those here.   No appearance was made by defendants at the
taking of the depositions in Minnesota.   They did appear
and cross-examine at St. Louis.

As to the pine paving blocks, the testimony was quite ex-
plicit as to the manner of doing the work and computing the
quantity in the various shipments.   Records were kept by
various employees as to the size of the timbers that were
sawed up into blocks and of the number of blocks that went
into the respectively numbered cages or containers that
were used to hold such blocks when they were placed in the
required creosote mixture; that the whole work was done
under the inspection of a representative of the city of Mil-
waukee, with whom the defendants were under contract to
do the paving with these blocks.   The superintendent or
auditor of the plant testified that accurate records were kept
and checked over from time to time by him and that he per-
sonally looked after such supervision and checking, and he
produced the records kept in that manner showing the
identifying number of each such cage or container and the
number of blocks alleged to be contained therein.   In re-
sponse to questions on cross-examination he stated that
the figures in such records which were the basis of the bills
rendered and judgment, although they were not in his hand-

writing, yet were subject to his audit and were at the time verified by him as being correct.

With considerable reluctance we are constrained to hold that there was under the testimony as to this cause of action a sufficient *prima facie* showing of the amount claimed by plaintiff and sufficient to support the conclusion arrived at by the two courts below.

As to the sandstone blocks, statements were rendered from the local office at the quarry to the head office at Minneapolis as to the number of blocks alleged to be loaded into each of the respective cars, about twenty-four in number, used in this shipment. From such reports the book-keeper at Minneapolis made up the statements for each shipment, taking the total reported number of blocks in each car and dividing by twenty-three, it being contended, and there is testimony by one of the defendants and one of their witnesses to the same effect, that twenty-three is the standard number of such paving blocks required to cover one square yard of street surface. Upon such computation the amount due at the agreed price was computed, and plaintiff paid on such statements from time to time during the progress of such shipment. Bills of lading were also sent of the shipments, containing the weights on each carload both of the pine blocks and the sandstone, which respective weights agreed substantially with those reported to the defendants by the railroad company upon the arrival of the cars at Milwaukee. But no witness testified with knowledge as to the number of blocks actually loaded in each such car, nor that they were of the average or standard size, or that the weights of such shipments were such that they would result in a specified number of square yards of either kind of material.

Defendants contended that according to the custom in the city of Milwaukee in buying such material and doing such work, such material was to be paid for upon the basis of the amount of the number of square yards of surface laid

with such material as calculated by the city engineer on the work done by such contractors pursuant to their respective contracts.    Such basis of computation, however, was not allowed by the trial court, and we think properly in view of the record, and particularly so where there was no competent evidence by any witness having personal knowledge thereof that all the blocks received on the tracks at Milwaukee were hauled to the respective streets upon which they were to be laid; and the point is not seriously urged here by appellants.

There was therefore no competent evidence on behalf of plaintiff in regard to the sandstone blocks to warrant the conclusion arrived at by the courts below that the quantity actually delivered on the cars in Minnesota was the amount for which the plaintiff rendered its statements.    There is other testimony, however, in the record that will support the finding of the trial court to all of the amount claimed by plaintiff except 123.70 square yards of the sandstone.

The city engineer testified that there were laid on the street upon which the standstone blocks were to be used 3,957.29 square yards. Defendant *Hase* testified that in addition to the work on the street he used these sandstone blocks for paving three private driveways.    He testified that the quantity used on these was forty-three yards and there is other testimony to support such estimate, but by a letter of June 13th, just before the final shipment under this contract, he reported to plaintiff that he had three private driveways in connection with this street which will take 100 yards.

Two extra carloads were sent by plaintiff pursuant to order of defendants at just about the time of the completion of the work.    They were identified by car number by defendants, and, as billed to the defendants by plaintiff, appear to have had 174 and 166, respectively, or a total of 340 square yards.    Out of these two cars defendant *Hase* testifies that he used about one quarter of one car, or, as he

states in another place, about thirty yards, to complete the street and driveways, and that the balance of such two cars he had hauled, pursuant to directions from plaintiff, to the yard of another contracting firm, who subsequently, it appears, paid the plaintiff for 186 yards and for which the defendants received a credit allowed in the account.

Defendants made a charge against the plaintiff for $28 on account of the hauling of the balance of the contents of these two cars to such other yard, and testified that such charge was on the basis of their necessarily paying for such hauling at the rate of eight cents per square yard. If this be correct, and the trial court might properly assume it was as against the defendants, it meant the hauling of 350 square yards. There might therefore be considered from defendants' testimony the following three items as having been actually received by them on this entire shipment, namely:

| | |
|---|---:|
| Sandstone blocks laid in street | 3,957.29 |
| Sandstone blocks three private driveways | 100 |
| Blocks hauled to other yard | 350 |
| | 4,407.29 |

This is 123.71 square yards less than the amount found by the court; and at the contract price of $1.75 amounted to $216.49, and is the amount by which the judgment in the second cause of action must be reduced.

This would reduce the amount of principal and interest on the second cause of action as of the day of the judgment in the civil court from $635.97 to $372.91, and it should be so modified.

We find no sufficient ground in the record to change the ruling of the trial court in disallowing the item of $28 for hauling sandstone blocks as claimed by defendants.

*By the Court.*—The judgment below to be modified in accordance with this opinion, and as so modified affirmed. Appellants to have costs in the circuit court and here.